IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

TARUS WALKER PETITIONER
ADC #182874

v. Case No. 4:26-cv-00808-KGB-BBM

DEXTER PAYNE, Director,
Arkansas Division of Corrections RESPONDENT

**ORDER**

On August 10, 2026, Petitioner Tarus Walker, a state prisoner incarcerated in the Cummins Unit of the Arkansas Division of Correction, filed a *pro se* Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2254, (Doc. 2), and a Motion to Hold Petitioner's 28 U.S.C. 2254[] Writ of Habeas Corpus Petition in Abeyance, (Doc. 3). For the reasons stated below, the Court will grant Walker's Motion and stay this case pending the resolution of matters pending in state court.

**I. State Court Proceedings**

On February 1, 2024, Walker was convicted of capital murder following a jury trial in the Circuit Court of Miller County, Arkansas, and sentenced to life without parole. (Doc. 3 at 1); *State of Arkansas v. Tarus Walker*, No. 46CR-23-316, https://caseinfo.arcourts.gov. Walker appealed, and the Arkansas Supreme Court affirmed his conviction, *Walker v. State*, 2025 Ark. 127, 719 S.W.3d 450, issuing a mandate on September 30, 2025. *Walker v. State*, CR-24-610, https://caseinfo.arcourts.gov. (Doc. 3 at 1).

Walker alleges that, on November 21, 2025, while he was held in punitive isolation, he placed a state postconviction petition[1] in the prison's internal mail system to be notarized and mailed to the Circuit Court of Miller County; the petition was due by December 1, 2025. (Doc. 3 at 2). Walker contends that, due to negligence of a prison employee, his petition was unverified[2] when filed with the circuit court. *Id*. at 2–3. Walker attempted to refile a verified petition after the deadline and asked the circuit court to excuse the delay. *Id*. at 2. On February 18, 2026, however, the circuit court denied his petition as untimely. *Id*.; *see also State of Arkansas v. Tarus Walker*, No. 46CR-23-316, https://caseinfo.arcourts.gov. On April 23, 2026, Walker appealed the circuit court's decision to the Arkansas Supreme Court. *Walker v. State*, CR-26-278, https://caseinfo.arcourts.gov. The case is still pending. *Id*.

## II. Federal Court Proceedings

Walker asserts eleven separate grounds for relief in his Petition: (1) the trial court erred in denying a mistrial when a detective testified that he sought a warrant for Walker's arrest on a charge of felon in possession of a firearm;[3] (2) trial counsel was ineffective for

---

[1] Walker references a "Rule 37 Petition," which this Court recognizes as a state postconviction petition filed under Ark. R. Crim. P. 37.1.

[2] To be verified, a postconviction petition under Ark. R. Crim. P. 37.1 must "be accompanied by the petitioner's affidavit that is sworn before a notary or other officer authorized to administer oaths; in substantially the form noted in that provision; and attesting that the facts stated in the petition are true, correct, and complete." *Jackson v. State*, 2019 Ark. App. 104, 2, 572 S.W.3d 458, 459; *see also* Ark. R. Crim. P. 37.2(g) (stating that a *pro se* petition filed by a person in a correctional facility that is not timely shall be deemed filed on the date of its deposit in the facility's legal mail system if certain conditions are satisfied, including containing a notarized statement by the petitioner).

[3] Walker unsuccessfully argued this ground on direct appeal to the Arkansas Supreme Court. *Walker*, 2025 Ark. at 1, 719 S.W.3d at 451.

failing to call an alibi witness; (3) trial counsel was ineffective for failing to investigate and put on a defense; (4) trial counsel was ineffective for failing to object or otherwise move for relief when a juror was sleeping; (5) trial counsel was ineffective for failing to object or move for mistrial after a state witness under the rule was allowed to remain in the courtroom; (6) trial counsel was ineffective for failing to object when a non-expert witness was allowed to draw a picture of the gun; (7) trial counsel was ineffective for failing to object to testimony regarding Walker's prior bad acts; (8) trial counsel was ineffective for failing to object to a state witness who was not on the witness list; (9) trial counsel was ineffective for failing to pursue a *Brady* violation regarding undisclosed jail calls; (10) trial counsel was ineffective for not seeking a mistrial after a detective testified that Walker had a prior conviction and pending charges; and (11) the trial court abused its discretion by not removing the sleeping juror. (Doc. 3 at 13–34).

Some of Walker's claims have been presented in state court and others have not; his is a "mixed petition," including both exhausted and unexhausted claims. *Pliler v. Ford*, 542 U.S. 225, 227 (2004) (citing *Rose v. Lundy*, 455 U.S. 509 (1982)); *see also* 28 U.S.C. § 2254 (noting that petitioner "shall not be deemed to have exhausted the remedies available [in state court] if he has the right . . . to raise, by any available procedure, the question presented"). Walker asks this Court to hold his Petition in abeyance while he pursues the appeal of the denial of his petition for postconviction relief. (Doc. 3). Walker expresses concern that the one-year period to timely file a federal petition for writ of habeas corpus could run before the Arkansas Supreme Court issues a decision. (Doc. 3 at 3); *see also* 28 U.S.C. § 2244(d)(1) ("A 1-year period of limitation shall apply to an application

for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.").

The United States Supreme Court has recognized that a petitioner risks losing the right to federal habeas review by application of the statute of limitations when a mixed petition is dismissed due to unexhausted claims. *Rhines v. Weber,* 544 U.S. 269, 274–75 (2005). Consequently, the *Rhines* Court established a "stay and abey" procedure for mixed petitions where (1) the petitioner shows good cause for failure to exhaust his claims in state court; (2) the unexhausted claims are not plainly meritless; (3) there is no indication the petitioner has engaged in dilatory tactics; and (4) reasonable time limits are imposed on the petitioner's "trip to state court and back." *Id*. at 276–78. "A petitioner's reasonable confusion about whether a state filing would be timely will ordinarily constitute 'good cause' for him to file in federal court." *Pace v. DiGuglielmo*, 544 U.S. 408, 416 (2005) (citing *Rhines*, 544 U.S. at 278).

Here, Walker has appealed to the Arkansas Supreme Court to determine whether he can pursue state postconviction relief, and that appeal is pending. His unexhausted claims are not plainly without merit, and there is no evidence of intentional delay. Accordingly, Walker's motion will be granted, and his Petition will be stayed and held in abeyance. Walker will be given a reasonable time to reopen this case upon the conclusion of his state court proceedings.

IT IS THEREFORE ORDERED THAT:

1. Walker's Motion to Hold Petitioner's Writ of Habeas Corpus Petition in Abeyance, (Doc. 3), is GRANTED. The Court orders that this case is STAYED and held in ABEYANCE. This ruling assumes Petitioner continues to seek state court Rule 37 relief.

2. The Clerk of Court is directed to administratively terminate the case. Petitioner is directed to file a motion within 30 days after a final decision by the state courts for the stay to be lifted and the case reopened.

SO ORDERED this 17th day of September, 2026.

Benecia Moore

UNITED STATES MAGISTRATE JUDGE